AWERKAMP & BONILLA, PLC
6891 N. Oracle Rd., Suite 155
Tucson, AZ 85704-4287
(520) 798-5282

Don Awerkamp (SBN 007572)
da@abdilaw.com
Ivelisse Bonilla, (SBN 023594)
ib@abdilaw.com
Shannon Giles (SBN 018786)
sg@abdilaw.com

*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Constantino Veiga,<br><br>                    Plaintiff,<br><br>          vs.<br><br>St. Augustine Catholic High School, an<br>Arizona corporation,<br><br>                    Defendant. | Case No. CV-14-02165-TUC-EJM<br><br>**PLAINTIFF'S OPPOSITION TO<br>DEFENDANT'S MOTION TO<br>DISMISS** |

Plaintiff Constantino Veiga ("Veiga") hereby opposes Defendant's Motion to Dismiss Plaintiff's claim under the Americans with Disabilities Act. Defendant argues Veiga's disability discrimination claim must be dismissed because Veiga allegedly failed to exhaust administrative remedies and did not file the Complaint within 90 days of receiving the Notice of Right to Sue from the Arizona Civil Rights Division ("ACRD"). Defendant's argument is factually and legally flawed. Veiga exhausted administrative remedies by filing a charge of discrimination with the ACRD and the U.S. Equal Employment Opportunity Commission ("EEOC") on March 26, 2013. Veiga received a Notice of Right to Sue from the ACRD on December 20, 2013 and is entitled to receive a

1   Notice of Right to Sue from the EEOC.  Inasmuch as Veiga is entitled to receive a Notice
2   of Right to Sue from the EEOC, he can proceed with filing the Complaint and does not
3   need to wait for the Notice of Right to Sue from the EEOC.  See *Surell v. California*
4   *Water Service*, 518 F.3d 1097, 1105 (9th Cir. 2008).

**MEMORANDUM OF POINTS AND AUTHORITIES**

### I. FACTS

7   On a Motion to Dismiss, all factual allegations set forth in the complaint "are taken
8   as true and construed in the light most favorable to [p]laintiffs." *Epstein v. Washington*
9   *Energy Co.,* 83 F.3d 1136, 1140 (9th Cir.1996).  In his Complaint, Veiga asserted that he
10  filed a timely Charge of Discrimination with the EEOC alleging discrimination on the
11  basis of disability.  See Complaint (Docket Doc. 1, ¶ 4).

12  Defendant admits in its Motion to Dismiss that on December 20, 2013, the ACRD
13  issued Veiga a Notice of Right to Sue and attached the Notice of Right to Sue as Exhibit
14  A of its Motion to Dismiss.  (Docket Doc. No. 7).  On March 21, 2014, the ACRD issued
15  a Reasonable Cause Determination that there is reasonable cause to believe that
16  Defendant, St. Augustine Catholic High School, discriminated against Mr. Veiga because
17  of his disability, failed to engage in the interactive process, denied Mr. Veiga reasonable
18  accommodation, and terminated his employment because of his disability.  (Docket Doc.
19  1 ¶ 5).  On March 25, 2014, Mr. Veiga requested that the EEOC issue him a Notice of
20  Right to Sue.  (Docket Doc. 1 ¶ 6).

### II. LEGAL ARGUMENT

#### A. Veiga exhausted administrative remedies.

23  Defendant argues that Veiga failed to exhaust his administrative remedies.  Veiga
24  did fulfill his obligation to exhaust administrative remedies.  In the Complaint, Veiga
25  alleged that he filed a timely Charge of Discrimination with EEOC alleging
26  "discrimination on the basis of disability." (Docket Doc. 1, ¶4).  Veiga alleged that he

1    filed a timely charge with the EEOC because a charge filed with the ACRD is deemed

2    filed with the EEOC pursuant to a worksharing agreement between the two entities and

3    federal regulations. See 29 CFR sec. 1601.13 (a)(4)(ii)(A); *Green v. Los Angeles County*

4    *Superintendent of Schools,* 883 F.2d 1472, 1476 (9th Cir.1989) (charge filed with the

5    State Employment Department "is deemed to have been received by the EEOC on the

6    same day . . . because under the worksharing agreement the [State Employment

7    Department] was an agent of the EEOC for the purpose of receiving charges").

8         Thus, Veiga's filing of his charge of discrimination on March 26, 2013, with the

9    ACRD is deemed to be a dual filing with the ACRD and the EEOC. *See* Charge of

10   Discrimination, attached herein as Exhibit A.  The EEOC notified Defendant that Veiga

11   had filed a charge of employment discrimination under the Americans with Disabilities

12   Act and that the charge was sent to the EEOC for dual filing purposes on March 26, 2013.

13   *See* Notice of Charge of Discrimination, attached herein as Exhibit B.

14        On December 20, 2013, the ACRD issued Veiga a Notice of Right to Sue because

15   it had not been able to fully investigate and complete the processing of his charges and

16   there were approximately 90 days left before the expiration of the one year deadline for

17   filing a civil action in Superior Court under the Arizona Civil Rights Act.  ARS 41-

18   1481(D).  Upon receipt of that Notice of Right to Sue, Veiga had to file **any claims he**

19   **had under the Arizona Civil Rights Act** within 90 days of receiving the Notice.  See

20   Notice of Right to Sue, attached herein as Exhibit C.  Veiga's Complaint is solely based

21   on claims under the Americans with Disability Act and therefore, the 90-day period to file

22   a complaint under the state discrimination statutes is irrelevant in this case.

23        The ACRD continued investigating the discrimination charge and on March 21,

24   2014, the ACRD issued a Reasonable Cause Determination that there is reasonable cause

25   to believe that Defendant, St. Augustine Catholic High School, discriminated against Mr.

26   Veiga because of his disability, failed to engage in the interactive process, denied Mr.

1   Veiga reasonable accommodation, and terminated his employment because of his

2   disability. (Docket Doc. 1, at ¶5).  See also Reasonable Cause determination, attached

3   herein as Exhibit D.  Based on the Reasonable Cause Determination, the ACRD invited

4   the parties to engage in settlement discussions and reach a conciliation agreement.  See

5   letter from Assistant Attorney General Jennifer Larson, attached herein as Exhibit E.

6   Conciliation was not reached and that ended the administrative process.

7          The record clearly shows that the administrative remedies were thoroughly

8   exhausted.  Veiga alleged in the Complaint that he filed a timely charge of discrimination

9   with the ACRD and that the Reasonable Cause Determination was issued.  Thus, Veiga

10  pled and established that he exhausted his administrative remedies.

11                    **B. Veiga's Complaint is Timely.**

12         Defendant argues that Veiga's Complaint is untimely because he had to file his

13  Complaint within 90 days of filing the Notice of Right to Sue from the ACRD.  Veiga did

14  not need to file his federal claims within 90 days of receiving the Notice of Right to Sue

15  from the ACRD.  As previously explained, the Notice of Right to Sue issued by the

16  ACRD applies to claims under the Arizona Civil Rights Act, having to be filed within 90

17  days of the date Plaintiff receives the Notice of Right to Sue or within one year of the date

18  the charge was filed, whichever comes first.  ARS 41-1481(D).  Because Veiga's

19  Complaint is under the Americans with Disabilities Act, all he had to plead in the

20  Complaint is that he received a Notice of Right to Sue from the EEOC or that he is

21  entitled to receive a Notice of Right to Sue from the EEOC.

22         Failure to obtain a federal right-to-sue letter does not preclude federal jurisdiction.

23  In *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234

24  (1982), the Supreme Court held that, although Title VII requires that plaintiffs timely

25  exhaust administrative remedies, "filing a timely charge of discrimination with the EEOC

26  is not a jurisdictional prerequisite to suit in federal court, but a requirement that, like a

1   statute of limitations, is subject to waiver, estoppel, and equitable tolling." The Supreme

2   Court explained that Title VII's timeliness provision is entirely separate from Title VII's

3   jurisdictional provisions and "does not speak in jurisdictional terms or refer in any way to

4   the jurisdiction of the district courts." *Id.* at 394, 102 S.Ct. 1127. Because Title VII's

5   provisions requiring notice of the right to sue are similarly separate from the jurisdictional

6   provisions, the right-to-sue requirement is similarly non-jurisdictional. *See Temengil v.*

7   *Trust Territory of Pacific Islands,* 881 F.2d 647, 654 (9th Cir.1989) ("Pursuit of

8   administrative remedies is a condition precedent to a Title VII claim. The requirement,

9   however, is not jurisdictional.") (citations omitted).

10      Courts have concluded that once a plaintiff is *entitled* to receive a right-to-sue letter

11   it makes no difference whether the plaintiff actually obtained it. *See, e.g., Moore v. City of*

12   *Charlotte,* 754 F.2d 1100, 1104 n. 1 (4th Cir.1985) ("Entitlement to the letter, without

13   actual receipt of it, is sufficient to support federal jurisdiction.")  The Ninth Circuit held

14   that when "a plaintiff is entitled to receive a right-to-sue letter from the EEOC, a plaintiff

15   may proceed absent such a letter, provided she has received a right-to-sue letter from the

16   appropriate state agency." *Surell v. California Water Service*, 518 F.3d 1097, 1105 (9th

17   Cir. 2008).  Thus, inasmuch as at the time he filed his Complaint, Veiga was entitled to

18   receive a Notice of Right to Sue from the EEOC and Veiga alleged such a fact in his

19   Complaint, Veiga has the statutory right, and this Court has jurisdiction to proceed with

20   Veiga's claims.

21      Moreover, Veiga just received the Notice of Right to Sue from the EEOC in this

22   case, attached herein as Exhibit F.  If this Court concludes that it is necessary to amend

23   the Complaint to add that the Notice of Right to Sue was issued by the EEOC, we would

24   be glad to amend the Complaint.

25   **III.   CONCLUSION**

26      In light of the well-established facts and case law previously discussed, it is necessary

1   to conclude that Veiga exhausted his administrative remedies and that his Complaint

2   under the Americans with Disabilities Act was timely filed.

3       WHEREFORE, Veiga respectfully requests that this Court denies Defendant's Motion

4   to Dismiss.

5           RESPECTFULLY SUBMITTED this 24th day of July, 2014.

6

7                       AWERKAMP & BONILLA, PLC

8

9                       By /s/  Shannon Giles
                             Ivelisse Bonilla
10                            Shannon Giles

11                      *Attorneys for Plaintiffs*

12

13  The original was electronically filed on July 24, 2014.

14
    A courtesy copy was mailed on July 24, 2014 to:
15
    Hon. Eric J. Markovich
16  United States District Court
    Evo A. DeConcini U.S. Courthouse
17  405 West Congress Street, Suite 3160
    Tucson, AZ 85701
18

19  / /

20  / /

21  / /

22  / /

23  / /

24  / /

25  / /

26  / /

-6-

1

**CERTIFICATE OF SERVICE**

2          I certify that I electronically transmitted the attached document to the Clerk's

3    Office using the CM/ECF system for filing and transmittal of a Notice of Electronic Filing

4    to the following, if CM/ECF registrants, and mailed a copy of the same to any non-

5    registrants, this 24th day of July, 2014.

6

7    James W. Kaucher
     Shelby M. Lile

8    GUST ROSENFELD, P.L.C.
     1 South Church Avenue, Suite 1900

9    Tucson, Arizona 85701

10

11                                          /s/  Shannon Giles
                                          Ivelisse Bonilla
                                          Shannon Giles

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26